IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BYRON L. HOGAN,**

                **Petitioner,**

        v.                                     CASE NO. 18-3047-SAC

**WARDEN SAM CLINE**[1],

                **Defendants.**

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and his fee status is pending. The Court has reviewed the petition under Rule 4 of the Rules Governing § 2254 Cases in the U.S. District Courts and enters the following order.

**Background**

Petitioner was convicted in 2011 of rape, attempted aggravated criminal sodomy, and violation of a protective order. *State v. Hogan*, 302 P.3d 45 (Table), 2013 WL 2991134 (Kan.App. Jun. 14, 2013), *rev. denied*, Oct. 30, 2013.

On September 14, 2014, he filed a timely motion for post-conviction relief under K.S.A. 60-1507. The state district court summarily denied relief, and petitioner appealed. *Hogan v. State*, 376 P.3d 98 (Table), 2016 WL 4070726 (Kan. App. Jul. 29, 2016), *rev. denied*, Jun. 2, 2017.

Petitioner filed this application for relief under Section 2254

---

[1] The Court substitutes Warden Cline as the respondent upon its own motion. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.")

on February 28, 2018.[2]

## Discussion

The Court first must determine whether this petition is timely. The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitation period for filing an application under 28 U.S.C. § 2254. Under 28 U.S.C. § 2244(d)(1), the one-year limitation period begins to run from the latest of:

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute provides for tolling for the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending". 28 U.S.C. § 2244(d)(2).

Likewise, under "rare and exceptional circumstances", the

---

[2] The petition shows that it was executed on January 29, 2018 (Doc. #1, p. 18). Because it was submitted to the Court electronically on February 28, 2018, the Court has used that date in this order. However, applying the earlier date shown on the petition would not change the Court's finding concerning of the timeliness of the petition, as both dates fall outside the one-year limitation period.

limitation period may be equitably tolled. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To qualify for such tolling, a prisoner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(quotations omitted). The petitioner has "a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)(brackets and quotations omitted).

Here, the Kansas Supreme Court denied review in petitioner's direct appeal on October 30, 2013. The limitation period began to run 90 days later, on January 29, 2014, when the time for seeking review by the United States Supreme Court expired. *See Harris v. Dinwiddie*, 642 F.3d 902, 906, n.6 (10th Cir. 2011) ("The statute [of limitations] d[oes] not start to run until ... the day following the certiorari window.").

The limitation period then ran until plaintiff filed his state post-conviction action on September 15, 2014, which tolled the limitation period after 229 days, with 136 days remaining in the limitation period.

The KSC denied review on June 14, 2017, and the limitation period began to run again on June 15, 2017. It expired 136 days later on October 28, 2017.

Because petitioner did not commence this action until February 2018, he failed to bring this action within the one-year limitation

period under AEDPA. Unless petitioner is entitled to equitable tolling, this matter is subject to dismissal.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including March 30, 2018, to identify any grounds for equitable tolling and to show cause why this matter should not be dismissed as time-barred. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 6th day of March, 2018, at Topeka, Kansas.

```
                         S/ Sam A. Crow
                         SAM A. CROW
                         U.S. Senior District Judge
```