**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**BYRON L. HOGAN,**

                **Petitioner,**

        v.                                            **CASE NO. 18-3047-SAC**

**SAM CLINE,**

                **Respondent.**

**MEMORANDUM AND ORDER**

    This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On April 5, 2018, the Court dismissed this matter as time-barred and declined to issue a certificate of appealability. Petitioner has filed a motion to reopen the case (Doc. #7).

    In support of his motion, petitioner states that his post-conviction counsel failed to notify him of the June 2, 2017, action of the Kansas Supreme Court denying review in his case.

    A petition for habeas corpus under Section 2254 is governed by a one-year limitation period. 28 U.S.C. § 2244(d). The limitation period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 646 (2010).

    Equitable tolling is available only in limited circumstances where the prisoner shows "both extraordinary circumstances preventing timeliness and diligent pursuit of his claim." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Where, as here, the error alleged was committed by post-conviction counsel, the courts have declined to allow equitable tolling.

    As the Tenth Circuit has explained:

> Habeas counsel's negligence is not generally a basis for equitable tolling because "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must 'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Modrowski v. Mote*, 322 F3d 965, 968 (7th Cir. 2003); *see also Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003)(applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling" (quotation omitted)); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003)("[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of this erroneous understanding." (quotation omitted)); *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005)("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling].").

*Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir. 2007).

Accordingly, the Court concludes that the failure of petitioner's post-conviction counsel to notify him of the decision of the Kansas Supreme Court does not entitle him to equitable tolling in this matter.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to reopen this matter (Doc. #7) is denied.

**IT IS SO ORDERED.**

DATED:  This 23rd day of April, 2018, at Topeka, Kansas.

                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge